NO. 07-09-0013-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 20, 2009
______________________________

MIGUEL AVELAR AKA MICHAEL AVELAR,

                                                                                                           Appellant

V.

THE STATE OF TEXAS,

                                                                                                           Appellees
______________________________

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-438,946; HON. JIM BOB DARNELL, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant Miguel Avelar aka Michael Avelar appeals from his conviction for the
offense of aggravated sexual assault. On March 5, 2009, the clerk’s record was filed. The
reporter’s record was due on March 9, 2009. On March 18, 2009, this Court notified the
reporter by letter that the record had not been filed and to advise the Court of the status
of the record on or before March 30, 2009. On March 24, 2009, the reporter filed a motion
for extension of time to file the record, which was granted to April 8, 2009. On April 14,
2009, the reporter filed a second extension motion requesting until May 11, 2009, to file
the record.
          Accordingly, we abate this appeal and remand the cause to the 140th District Court
of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine:
when the reporter’s record can reasonably be transcribed into
written form and filed in a manner that does not further delay
the prosecution of this appeal or have the practical effect of
depriving the appellant of their right to appeal.
 

          The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk’s record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter’s record transcribing the evidence and arguments presented at the
aforementioned hearing, if any. Additionally, the district court shall then file the
supplemental clerk’s and reporter’s records transcribing the hearing with the clerk of this
court on or before May 20, 2009. Should further time be needed by the trial court to
perform these tasks, then same must be requested before May 20, 2009.
          It is so ordered.
                                                                           Per Curiam
 
Do not publish.



but any fees will be
payable by Mr. Simmons in addition to the $100,586 that we just announced

 and the attorney's fees. And I will prepare an amended judgment to reflect 

 that.


At that point, the trial court stated:


 Okay. Is that your agreement, Mr. Simmons?


Simmons replied:


 Judge, it is. With the stipulation that the judgment that's currently in effect
will be either modified or a new trial granted and the new judgment entered,
all of which I believe the Court still has jurisdiction to do. And so for
purposes of the agreement, there is an agreement that the new trial - my
[motion for] new trial, which we're here today on, would be granted and then
the new judgment would be immediately entered in accordance with this
agreement.

 

 And so with Mr. Hester's consent, I'll send an agreed order granting the new
trial - simple form - to him, and he's going to prepare the new judgment and
enter it like that, and it will only - it will - it will reflect an agreed judgment
versus one that was entered pursuant to the Court sanctions. With those
stipulations, I approve and agree to the agreement. 


(Emphasis added). After the court said "all right," Hester uttered:


 I don't have any problem with the judgment reflecting this agreed judgment
and being drawn in accordance with what we've talked about.


As can be seen from the foregoing exchange, Hester described the terms of a new
judgment, and Simmons responded by indicating that the agreement described was
acceptable so long as either the existing judgment was modified or a new trial was granted. 
Thereafter, Hester said he had no "problem with the judgment reflecting this agreed
judgment and being drawn in accordance with what we've talked about." Yet, on the point
about granting a new trial, Hester remained silent. Given this, the record discloses that
Hester actually accepted one of the two options posed by Simmons, that option being the
entry of a modified judgment. There was no meeting of the minds or agreement regarding
a new trial, however. 

 Since all aspects of Rule 11 were satisfied (i.e. an agreement of the parties made
in open court and read into the record of the court) and the trial court acceded to the
accord by saying "all right," an enforceable Rule 11 agreement arose. (2) Therefore, we
sustain that portion of Simmons' issue wherein he contends that the parties entered into
a valid Rule 11 agreement but overrule that part wherein he contends that the agreement
encompassed the granting of a new trial. And, in our so holding, we have rendered moot
the remaining issues. Simply put, we need not determine whether the trial court's
sanctions and original judgment were enforceable since the dispute was resolved (or
novated) through the execution of a valid Rule 11 agreement addressing Simmons' liability.

 Accordingly, we modify the judgment of the trial court to order that Simmons 1) pay
to Hester, as administrator of the estate of Ruth Wallace, $100,586 and 2) assume the
obligation to pay Peter Pratt for any and all attorney's fees incurred in the collection of the
judgment. So too is the judgment modified to reflect that post-judgment interest shall
accrue on the judgment at the rate of 10 % per annum from September 16, 2002, until
paid. Except as modified, the judgment is affirmed in all other respects.


 Brian Quinn

 Justice 
1. The motion for new trial had already been overruled by operation of law at the time the hearing was
held on the motion. See Tex. R. Civ. P. 329b(c) (holding if a motion for new trial is not determined by written
order signed within 75 days after the judgment is signed, it shall be considered overruled by operation of law
at the expiration of that period). 
2. At oral argument, both parties represented that they remained willing to abide by the agreement
reached in the trial court.